UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ORTHODONTIC CENTERS OF
CALIFORNIA, INC.,

       Plaintiff,

   v.

DAVID C. HOBSON, D.D.S., M.S.
and D.C. HOBSON, D.D.S., M.S.,
a professional corporation,

       Defendants.

NO. CIV. S-06-1805 WBS EFB

ORDER

----oo0oo----

This is plaintiff's action to recover on the three promissory notes executed by Dr. Hobson. The matter is before the court now on plaintiff's motion, pursuant to 28 U.S.C. § 1412, to transfer to the Eastern District of Louisiana.

Plaintiff and other subsidiaries of OCA, Inc. have filed for Chapter 11 relief in the United States Bankruptcy Court for the Eastern District of Louisiana. Under 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title

1

11 to a district court for another district, in the interest of justice or for the convenience of the parties." Because of plaintiff's pending bankruptcy, this action may be regarded as a case or proceeding under title 11.

In determining whether to transfer an action under section 1412, the court must consider the convenience of the parties and the interests of justice. In re Commonwealth Oil Refining Co., 596 F.2d 1239, 1247 (5th Cir. 1979). In considering the convenience of the parties, courts may take into account: (1) the proximity of creditors of every kind to the court; (2) the proximity of the bankrupt (debtor) to the court; (3) the proximity of the witnesses necessary to the administration of the estate; (4) the location of the assets; (5) the economic administration of the estate; and (6) the necessity for ancillary administration if bankruptcy should result. Commonwealth Oil Refining, 596 F.2d at 1247. However, "the most important consideration is whether the requested transfer would promote the economic and efficient administration of the estate." Id.; see also In re Consolidated Equity Properties, 136 B.R. 261, 267 (D. Nev. 1991). Additionally, the Court should consider any local interests which argue in favor of retaining jurisdiction. In re Slentz, 94 B.R. 446, 449 (Bankr. N.D. Ohio 1988) (citing In re Thomasson, 60 B.R. 629 (Bankr. M.D. Tenn. 1985)).

The "interest of justice" component of § 1412 is a broad and flexible standard, requiring a case-by-case analysis and contemplating a consideration of whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness. Manville

2

1  Forest Prods., 896 F.2d at 1391; In re Enron Corp., 284 B.R. 376,
2  403 (Bankr. S.D.N.Y. 2002).  This factor "encompasses, among
3  other things, inquiry as to the forum which facilitates the
4  efficient, proper and expeditious functioning of the courts.
5  Although vague, this inquiry would include looking into the
6  desirability of having a judge familiar with applicable law hear
7  and determine issues arising in the case." In re Pinehaven
8  Assoc., 132 B.R. 982, 990 (Bankr. E.D.N.Y. 1991).  One court has
9  noted, "so far as appears, nearly every case that has considered
10 transfer of a bankruptcy proceeding has construed this phrase in
11 section 1412 to give primacy to administrative matters affecting
12 the estate." Sudbury, Inc. v. Dlott, 149 B.R. 489, 492 (Bankr.
13 N.D. Ohio 1993) (citing Manville Forest Prods., 896 F.2d at
14 1384)).

15         Here, Dr. Hobson has already obtained a judgment in
16 this court against plaintiff in the amount of $485,022 for his
17 attorney's fees in case No. Civ. S-02-0886.  He acknowledges
18 liability on the promissory notes which are the subject of this
19 action, and the only question is the amount plaintiff is entitled
20 to recover.  It is undisputed that in any event the amount
21 plaintiff will recover on the notes will be less than the amount
22 of Dr. Hobson's judgment in Civ. S-02-0886.  That judgment is
23 presently on appeal the Ninth Circuit, awaiting decision after
24 oral argument.  Thus, unless the judgment of this court is
25 reversed in that appeal, whatever plaintiff may recover in this
26 action will simply serve as a set off against Dr. Hobson's

3

judgment in that case.[1] Accordingly, any judgment in this case will have no substantial effect on the economic administration of the bankruptcy estate.

On the other hand, if this court's judgment in the other case were to be reversed, then any judgment in this case could affect the administration of the bankruptcy estate. Presently, there are in excess of 70 adversary proceedings involving the business service agreements entered into by OCA. These adversary proceedings involve numerous Affiliated Practices and OCA and its subsidiaries across several states.  The estate would not be administered efficiently if OCA was forced to litigate these claims in different courts around the country. Thomson McKinnon Secur., 126 B.R. at 836 ("The debtor should not be required to engage in collection suits all over the country in order to assemble its assets for distribution to creditors.").

While it is never prudent to predict what the Court of Appeals will do, this court is not inclined to base its decision in this case on the assumption that its decision in the prior case will be overturned on appeal.  Unless and until told otherwise, this court therefore assumes that any judgment in this case will simply serve as a set off against Dr. Hobson's recovery on his judgment in the previous case, and will therefore have no substantial impact on the bankruptcy proceedings in Louisiana. On the other side of the equation, Dr. Hobson would be detrimentally affected by transfer due to increased costs of defending the action.  Courts have found that the financial

---

[1] Plaintiff has posted a bond sufficient to cover the judgment in Civ. S-02-0886.

4

effect on the non-moving party is a factor.  <u>GEX Kentucky, Inc.</u> <u>v. Wolf Creek Collieries Co. (In re GEX Kentucky, Inc.)</u>, 85 B.R. 431, 435 (Bankr. N.D. Ohio 1987) ("the additional costs of litigating in a distant court militate against the factors in favor of the transfer"); <u>In re Whilden</u>, 67 B.R. 40 (Bankr. M.D. Fla. 1986).

     IT IS THEREFORE ORDERED that plaintiff's motion, pursuant to 28 U.S.C. § 1412, to transfer this case to the Eastern District of Louisiana be, and the same hereby is DENIED, without prejudice to the right of plaintiff to renew its motion if the judgment of this court in Case No. Civ. S-02-0886 is reversed on appeal.

DATED:  January 9, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE